## PACIFIC COAST RAILWAY COMPANY v. RAMAGE, Tax Collector.

### No. 19,343; September 1, 1894.

#### 37 Pac. 532.

**Double Taxation.**—When a Railroad Company, Empowered by charter to build its road between termini in different counties, lays its tracks at one terminus on a wharf, and the whole railroad is assessed by the state board of equalization, pursuant to constitution, article 13, section 10, providing that the roadbed, rails and rolling

stock of all railroads operated in more than one county shall be assessed by that board, an assessment of the wharf by the county tax collector does not constitute double taxation, since the wharf is not a necessary part of the railroad, and brings in a separate income.

APPEAL from Superior Court, San Luis Obispo County; V. A. Gregg, Judge.

Action by the Pacific Coast Railway Company against George W. Ramage, tax collector, to set aside an assessment. Judgment for defendant. Plaintiff appeals. Affirmed.

Wilcoxon & Bouldin and J. M. Wilcoxon for appellant; F. A. Dorn for respondent.

TEMPLE, C.—This appeal is from the judgment and upon the judgment-roll. The complaint shows that plaintiff, a corporation, is engaged in operating a steam railway between Los Olivos, in Santa Barbara county, and Port Harford, in San Luis Obispo county. The defendant is the tax collector of San Luis Obispo county. During the fiscal year of 1892–93, plaintiff was, and still is, the owner of a railway in San Luis Obispo county, thirty-nine and five-tenths miles, and no more, of which nine miles, and no more, were in Santa Fe school district, in said county, which said nine miles the state board of equalization assessed for that year at $46,123.47, and no more, which taxes were paid by plaintiff. That the county assessor, in addition, arbitrarily and without authority, assessed a portion of the railroad so assessed by said state board of equalization at the sum of $6,000, upon which a tax is levied of $79.25, which is claimed to constitute a lien upon said property. There is a proper averment as to the threat of the tax collector to sell the property for the tax, and that the invalidity of the tax does not appear from the face of the assessment, and a prayer for an injunction. The answer consists of denials. The findings are as follows:

"This cause came on regularly for trial before the court on the twenty-fourth day of July, 1893, upon the complaint of plaintiff and the answer of defendant, both parties being represented by counsel. Evidence was introduced by both parties, and the cause submitted for decision, and the court

now finds the facts of said case to be as follows: That in the
year 1874, by an act of the legislature of the state of Cali-
fornia, entitled 'An act to provide for the construction of a
railroad from the bay of San Luis Obispo, in the county of
San Luis Obispo, to Santa Maria, in the county of Santa
Barbara,' approved March 27, 1874 (Stats. 1873–74, p. 695),
John M. Price, Juan V. Avila, N. Goldtree, H. M. Newhall,
John O'Farrell, F. S. Wensinger, Charles Goodall, and Chris-
topher Nelson, or their successors or assigns, were chartered
and did construct a railroad extending from the town of Santa
Maria to the bay of San Luis Obispo, and extended to what
was then known as the 'People's Wharf,' on said bay. That
prior to the year 1874 one John Harford constructed a wharf
on said bay, at a point about one mile northwest of said wharf.
known as the 'People's Wharf.' That plaintiff is now, and
at all the times set forth in the complaint herein was, a cor-
poration formed and existing under and by virtue of the laws
of the state of California, for the purpose of, and was and is
engaged in, operating a steam railway between Los Olivos in
Santa Barbara county, and Port Harford, in San Luis Obispo
county. That on the —— day of ——, 1874, this plaintiff
succeeded to the interest of said John Harford in and to said
wharf built by him, and also to the interest of John M. Price,
Juan V. Avila, N. Goldtree, H. M. Newhall, John O'Farrell,
F. S. Wensinger, Charles Goodall, and Christopher Nelson,
and their successors and assigns, in and to said railroad, and
then extended said railroad about one mile to the Harford
wharf, and from time to time, prior to the year 1890, extended
said Harford wharf into the bay of San Luis Obispo, beyond
low-water mark; and ever since the year 1890 the said wharf
has been of the following dimensions, to wit: Commencing at
the hotel, a point below low-water mark, the wharf is 16 feet
wide for 452 feet, at which point it commences at 22 feet, and
runs to 78 feet broad for 416 feet. It then tapers from 78
feet to 56 feet for 256 feet, and is 56 feet broad for 144 feet,
at the end of which distance it broadens from 56 feet to 108
feet for 288 feet, and from which distance it is 108 feet broad
to its far end, 320 feet, making a total length of 1,876 feet.
That said plaintiff, prior to the year 1890, built upon and
there has ever since been on the outer end of said wharf be-
longing to plaintiff a building as follows: A large one-story

building, 60 feet broad by 228 feet long, within which is located the depot of said company, railroad office, telegraph office, station-house, and waiting-rooms, in a room 18x22 feet in size. That plaintiff maintains upon said wharf its line of track, and two double switches extended to the extreme end of said wharf, for the purpose of receiving and discharging freight and passengers carried by water, and said track and switches are a portion of its main line of track. Said double switches are located on both sides of said building. That defendant is now the duly elected, qualified and acting tax collector of San Luis Obispo county. That, for the fiscal year 1892–93, plaintiff was, and is now, the owner of a line of railway as above set forth, which measured a distance, counting from the water end of said wharf or structure to where the same crosses the line between San Luis Obispo and Santa Barbara counties, of thirty-nine and five-tenths miles, all of which was in the first-named county, which was duly assessed for taxation by the state board of equalization, and apportioned by said board to San Luis Obispo county during said fiscal year. That thereafter, and during the time for assessment of property by county assessors, the assessor of San Luis Obispo county regularly assessed and added to the assessment of plaintiff for said year the following items: Franchise granted by the board of supervisors, $500; furniture, $250; safe and scales, $500; machinery and tools, $1,500; 3 wagons, $75; 1 A. horse, $75; 273,000 feet of lumber, $5,460; 100 cords of wood, $400; other personal property, not described, $500; wharf and warehouse at Port Harford, $6,000. That all taxes assessed as aforesaid for said fiscal year upon all of said assessments have been paid by plaintiff, except a tax of $75, levied upon 'wharf and warehouse at Port Harford, valued at $6,000,' which with costs, percentages, etc., now amounts to the sum of $79.25, which is claimed to constitute a lien on the property of plaintiff. That plaintiff owns no wharf or warehouse at Port Harford other than the one hereinbefore described, and did not own any such during said fiscal year. That said sum of $79.25 has not been paid by plaintiff because it claimed that the same was illegal and a double assessment. That defendant, as tax collector, as aforesaid, has advertised the said property last above mentioned for sale, to satisfy said last-named sum, and threatens to sell the same

therefor. That, under and by virtue of the following clause in a license ordinance of the board of supervisors of said San Luis Obispo county, plaintiff pays a license tax to said county of $25 per quarter, and did so during the whole of said fiscal year. The clause is as follows: 'Every person, association, or corporation engaged in the business of conducting or carrying on a bridge, ferry, wharf, chute, or pier, for the accommodation of the public or others, for hire, whose average yearly receipts therefrom exceed $10,000, shall pay a license tax in the sum of $25 per quarter.' That plaintiff during said fiscal year did conduct a wharf as hereinbefore described, for hire, and its receipts therefrom for wharfage exceeded $10,000.'' Conclusions of law: "In my opinion, said wharf and building thereon was legally assessed by the county assessor, not being the class of property assessable by the state board of equalization, under section 10, article 13, of the constitution: See Santa Clara Co. v. Southern Pac. R. Co., 118 U. S. 394, 30 L. Ed. 118, 6 Sup. Ct. Rep. 1132. The plaintiff claims that the property is assessed double, because the number of miles of road assessed by state board in the county will, as measured on the ground, include distance enough to extend the road assessment to end of wharf. I assume, as a conclusion of law, that the mileage assessed by state board was based upon data returned by plaintiff to that board for assessment, Let judgment enter for defendant for his costs. Plaintiff will take nothing by this action.''

The contention of the appellant is that the assessment of the wharf by the county assessor is double taxation; that the same was properly assessed by the state board; that the length of the wharf is included in the mileage of railroad assessed by the state board; and that, the railway having been built upon the wharf, it constitutes the "roadbed," which the state board was to assess: Const., art. 13, sec. 10. It is also contended that, inasmuch as the assessment includes the roadbed, the assessment is void, although it were conceded that the wharf and warehouse are something more than a mere roadbed or roadway, because the unlawful part cannot be separated from that which is lawful: California v. Central Pac. R. Co., 127 U. S. 1, 32 L. Ed. 150, 8 Sup. Ct. Rep. 1073. The invalidity of the assessment, if any, does not appear upon the face thereof. The presumption is that it is valid. Has the plain-

tiff shown its invalidity? I think not. The wharf is a structure in navigable waters of the state. It could not be lawfully constructed without the grant of authority in some form from the state. The incorporation of the plaintiff did not necessarily confer upon plaintiff that right. The points between which they are authorized to construct and operate a railway are not shown further than that they are operating such a road between Port Harford and Los Olivos. Port Harford is somewhat indefinite. The wharf was constructed by a private individual, presumably under lawful authority, and apparently the wharf was purchased by plaintiff after the construction of the railway built by plaintiff's predecessors. Under such circumstances, the fact that plaintiff has since extended its track over the wharf does not necessarily imply that it rightfully did so as a part of the railway that it was authorized by its charter to build and operate. The wharf, in its nature, is not necessarily a part of a railway. This wharf pays a large income as a wharf. Had it remained the property of Harford, and the railroad been constructed upon it, the presumption would have been that the track was for the convenient use of the wharf, as well as of the railway, and it would not have constituted a part of the railway for purposes of taxation. I do not think the findings show that it does now. In the case of City of San Francisco v. Central Pac. R. Co., 63 Cal. 467, 49 Am. Rep. 98, it appeared that the ferry was a part of the line of the railroad as described in its articles, and it was claimed that the ferry-boat upon which the tracks were laid constituted a portion of its roadbed, but it was held otherwise. Here it is not made to appear that the wharf constitutes any part of the line of the road. The fact that the mileage assessed by the state board would include the length of the wharf is immaterial. That was undoubtedly as it was given in by plaintiff. But whatever length they gave in it could not extend beyond the two termini which are required to be fixed in their articles. I think the judgment should be affirmed.

We concur: Searls, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.